UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AQUIL YOUNG,<br><br>         Plaintiff,<br><br>v.<br><br>SOUTH BEACH BAR<br>AND GRILL CORP., et al.,<br><br>         Defendants. | Civil Action No. 23-697 (KSH)<br><br><br><br>REPORT AND<br>RECOMMENDATION |

**ALLEN, U.S.M.J.**

  This matter comes before the Court upon the Order dated August 16, 2023, directing Defendants South Beach Bar and Grill Corp. and Viviana Rivera (collectively, "Defendants"), to show cause in writing no later than August 30, 2023 why their Answer should not be struck and leave should not be granted to Plaintiff to file a request for default and default judgment because of Defendants' failure to comply with the Orders dated June 20, 2023 and August 2, 2023. (ECF Nos. 20 & 25), which ordered that they provide responses to Plaintiff's previously served discovery demands. (ECF No. 28). Defendants did not show cause by August 30, 2023, as directed by the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons set forth below, it is respectfully recommended that the United States District Judge strike Defendants' Answer, and if the

Answer is struck, then allow Plaintiff to request that the Clerk enter default and file a motion for entry of default judgment.

## I. RELEVANT BACKGROUND

On November 28, 2022, Plaintiff commenced this Fair Labor Standards Act ("FLSA") case in state court against Defendants, asserting numerous violations of state and federal law, including the FLSA of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*; FLSA (Retaliation); the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq.*; and New Jersey Wage Payment Act, 34:11-4.1, *et seq*. On February 7, 2023, Defendants removed the case pursuant to 28 U.S.C. §§1441 and 1331. (ECF No. 1) They filed their Answer on February 14, 2023. (ECF No. 4).

The Undersigned held an Initial Scheduling Conference on April 4, 2023 and issued a Pretrial Scheduling Order on April 5, 2023. (*See* ECF No. 11). The parties were directed to serve their discovery requests by April 20, 2023 with responses due within thirty (30) days of receipt. (ECF No. 11). On May 1, 2023, Defendants filed a letter, acknowledging their receipt of Plaintiff's discovery demands on April 4, 2023, but requested an extension to serve their responses until May 31, 2023. (ECF No. 16). On May 2, 2023, this Court issued an Order, granting Defendants' request. (ECF No. 17).

The parties filed a joint status letter on June 13, 2023, reporting that Plaintiff served his responses to Defendants' discovery requests on June 12, 2023. (ECF No. 18). The parties further reported that Defendants had not yet responded to Plaintiff's discovery requests despite the May 31st court-ordered deadline. (*Id.*). Finally, they conveyed that on June 9, 2023, Defendants notified defense counsel that Defendants had retained new

defense counsel, and thus defense counsel was waiting for the name of the new counsel to transfer the file and withdraw from the case. (*Id.*). As a result, the parties mutually agreed to postpone the scheduled deposition of Defendant Viviana Rivera. (*Id.*). Ten days later, on June 19, 2023, the law firm of Coffey Modica O'Meara ("Coffey Firm") was substituted as new counsel for Defendants and attorney Vince M. Avery, Esq. ("Mr. Avery") from the Coffey Firm entered his appearance. (ECF No. 19).

On June 20, 2023, the Court conducted a Telephone Status Conference, directing Defendants to respond to Plaintiff's previously served discovery requests by July 7, 2023, and issued an order on the same date memorializing same. (ECF No. 20). On July 31, 2023, Plaintiff's counsel filed a letter, addressing Defendants' continued failure to respond to the discovery requests. (ECF No. 24). Plaintiff's counsel explained that she tried unsuccessfully to contact Mr. Avery by telephone and by email correspondence on July 11, 2023, July 24, 2023, and July 25, 2023. (*Id.*). Accordingly, Plaintiff's counsel requested the Court issue an order to show cause why Defendants' Answer should not be stricken and default entered against Defendants for failure to provide discovery responses and disregarding the Order of this Court. (*Id.*).

In response, the Court issued a Text Order on August 2, 2023, warning that if Defendants failed to provide fully responsive answers by August 7, 2023, the Undersigned would conduct an in-person conference on August 15, 2023 to address Defendants' repeated failures to comply with their discovery obligations. (ECF No. 25). In its August 2nd Order, this Court reminded Defendants that failure to obey a Scheduling Order or other Pretrial Order and/or comply with discovery obligations may result in the issuance of

3

appropriate sanctions, pursuant to Federal Rules of Civil Procedure 16(f) and 37(d). (*Id.*).

Thereafter, Plaintiff's counsel filed a letter on August 11, 2023, advising that Defendants had still failed to provide any discovery responses. (ECF No. 26). Plaintiff's counsel also represented that she contacted defense counsel on August 9, 2023, who, in turn, responded by email, and represented that he would provide the overdue discovery responses that same day. (ECF No. 26). According to Plaintiff's counsel, she never received the discovery responses and again tried to contact defense counsel without success. (*Id.*). As such, the Court issued an Order on August 14, 2023, confirming that the in-person conference scheduled for August 15th at 12:00 p.m. would proceed as scheduled (ECF No. 27).

On August 15, 2023, only Plaintiff's counsel appeared for the conference. Mr. Avery telephoned the Undersigned's chambers and advised that he was on cruise ship vacation, and thus unable to appear. The Court, through chambers' staff, advised Mr. Avery that it would issue an order directing Defendants to show cause why their Answer should not be struck because of Defendants' repeated failure to comply with the Federal Rules of Civil Procedure and the Court's prior Orders. (ECF No. 28).

The August 16th Order to Show Cause was issued. (ECF No. 28). Defendants failed to file a written response by the August 30th deadline.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to comply with a court order. *See* Fed. R. Civ. P. 16(f), 37(b)(2), 41(b). The striking of a pleading and entry of default may be an appropriate penalty for failure to comply with an

order. *See id.* The Court uses its sound discretion in deciding what sanctions to impose. *See Bowers v. Nat'l Collegiate Athletic Assoc.*, 475 F.3d 524, 538 (3d Cir. 2007).

In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose a sanction such as striking a pleading:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868)). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigaitti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

### III. DISCUSSION

While the Undersigned recognizes the significance of striking Defendants' answer and permitting Plaintiff to file a request for default and default judgment, such actions are warranted upon consideration and balancing of the *Poulis* factors.

**A. The Extent of Defendants' Personal Responsibility**

In considering this first factor, courts "look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994)); *Vittas v. Brooks Bros.*, Civ. No. 14-3617 (BRM) (LHG), 2017 U.S. Dist. LEXIS 203123, at *5

(D.N.J. Dec. 11, 2017) ("The first *Poulis* factor . . . is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible. . . ." (internal citations omitted)). These principles apply with equal force when considering whether to strike an Answer. Here, Defendants had failed to respond to Plaintiff's April 4th discovery demands as acknowledged by their prior defense counsel in the parties' joint June 13th submission. (*See* ECF No. 18). After the Coffey Firm substituted in as new counsel, Defendants' failure to comply with their discovery obligations continued. This failure has been compounded by Mr. Avery's failure to effectively communicate with Plaintiff's counsel and appear for court conferences. Both Defendants and the Coffey Firm have brought this action to a virtual standstill – without any explanation whatsoever. Accordingly, while Mr. Avery's conduct has certainly contributed to delaying this litigation and is not excused by this Court, Defendants bear at least some responsibility for failing to provide discovery responses since May. Accordingly, the first *Poulis* factor tips slightly in favor of striking the Answer.

    **B. Prejudice to Plaintiff**

With respect to this second factor, the Court finds that Defendants' failure to comply with the Undersigned's Orders has prejudiced Plaintiff by halting the progress of this action. The case was removed to this Court seven (7) months ago, and Plaintiff served his written discovery demands five (5) months ago. Yet, Defendants have failed to respond, despite court orders. Plaintiff has spent time and resources responding to Defendants' demands, following up for responses to his own demands, and appearing for an in-person conference caused by Defendants' failures—a conference which defense

6

counsel did not attend as required. Again, defendants' failure to respond to discovery and defense counsel's failure to appear at the August 15th conference has brought this case to a standstill. Plaintiff is unable to gather facts in discovery necessary to prosecute this case. The only remedy Plaintiff has under these circumstances is to obtain an entry of default. Accordingly, the second *Poulis* factor weighs in favor of striking the Answer.

### C. History of Dilatoriness

"'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 874). As set forth above, Defendants have exhibited a history of dilatoriness and noncompliance with Court Orders. Despite this Court having afforded Defendants extensions to provide their discovery responses since May 2023, they have not done so. Mr. Avery has disregarded Plaintiff's communications seeking to address the outstanding discovery responses. Both in the August 16th Order to Show Cause, and herein, this Court has specifically set forth the sequence of events that show Defendants' willful failure to respond to the discovery demands. Defendants' failures in the face of warnings for noncompliance constitutes dilatory conduct under *Poulis*.

### D. Willfulness or Bad Faith

Under this fourth factor, the Court "must consider whether [Defendants'] conduct was 'the type of willful or contumacious behavior which [is] characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). "Where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the [C]ourt, at the very least, renders a party's actions willful . . . ." *Yancey v. Wal-Mart Corp.*, Civ. No. 15-6646 (ZNQ) (DEA), 2022 U.S. Dist. LEXIS 67868, at *27 (D.N.J. Jan. 31,

2022) (internal quotation marks and citation omitted). Based on the record available to the Court, the Undersigned cannot conclude that Defendants have engaged in bad faith conduct.

However, Defendants' repeated failures to comply with this Court's Orders to respond to Plaintiff's discovery or otherwise actively participate in defending this action, when viewed together, demonstrate that Defendants have acted willfully. Thus, the Court finds Defendants' conduct to be willful, and thus weighs in favor of striking the Answer.

### E.  Effectiveness of Alternate Sanctions

While mindful that striking a pleading must be a sanction of last resort, *see Adams*, 29 F.3d at 876 (quoting *Poulis*, 747 F.2d 869), no lesser sanction will be appropriate given: (1) Defendants' failure to produce discovery responses, despite having been given extensions of time to do so; (2) Defendants' non-compliance with this Court's Orders; and (3) Defendants' failure to submit any response to the Order to Show Cause, despite a clear directive to do so. Accordingly, the lack of appropriate and effective alternative sanctions weighs in favor of striking the Answer.

### F.  Meritoriousness of the Defense

"'A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.'" *Hildebrand*, 923 F.3d at 137 (quoting *Poulis*, 747 F.2d at 869-70). The Court is unable to determine the meritoriousness of the issues in this case based on the record. Nonetheless, the Undersigned finds that the majority of *Poulis* factors weigh in favor of striking the Answer.

## IV. CONCLUSION

Based on the foregoing reasons, the Undersigned respectfully recommends that the District Court strike Defendants' Answer, and orders that if the Answer is struck, then Plaintiff request that the Clerk enter default and file a motion for the entry of default judgment.

The Court further orders Defendants' counsel to provide a copy of this Report and Recommendation to the Defendants by regular mail and certified mail/return receipt requested.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof.

Dated: September 11, 2023

s/ *Jessica S. Allen*
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Cc: Hon. Katharine S. Hayden, U.S.D.J.