**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AQUIL YOUNG,<br><br>                 *Plaintiffs,*<br>v.<br><br>SOUTH BEACH BAR AND GRILL CORP., VIVIANA RIVERA, individually and in her official capacity, JOHN DOES 1-10, and XYZ CORP. 1-10,<br><br>                 *Defendant.* | Civil Action No. 23-697 (KSH) (JSA)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

In this action, plaintiff Aquil Young seeks more than $350,000 in compensatory damages and other monetary relief against his former employer, defendant South Beach Bar and Grill Corp., and defendant Viviana Rivera, the company's owner and Young's supervisor, for alleged violations of federal and state wage laws, as well as the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* Young also asserts promissory estoppel and unjust enrichment claims. (D.E. 1-1, Compl.)

Young filed his complaint in state court, and defendants' prior counsel removed the action to this Court in February 2023. Through that prior counsel, defendants filed their answer to the complaint on February 14, 2023. (D.E. 4.)

Presently before the Court is the report and recommendation of Magistrate Judge Jessica Allen (D.E. 33), entered on September 11, 2023, in which she recommends that this Court strike defendants' answer and permit Young to seek entry of default and move for default judgment. Judge Allen catalogs how defendants and their current counsel, Vincent M. Avery of Coffey

Modica O'Meara, have repeatedly failed to comply with Court orders and effectively ground this litigation to a halt. Judge Allen expressly advised the parties that any objections to the report and recommendation were due within 14 days. (D.E. 33, at 9.) No objection was filed by the deadline, which was September 25, 2023, or at any time thereafter.

In reviewing a report and recommendation, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); L. Civ. R. 72.1(c)(2) (district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge," and "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record.").

Notwithstanding the absence of any objections, this Court has reviewed the record and given "reasoned consideration" to the report and recommendation, *see EEOC v. Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017), and concludes that striking defendants' answer and permitting Young to pursue relief by default is the appropriate course of action.

As Judge Allen recognized, appropriate sanctions for failure to comply with a court order include the striking of pleadings. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2). In addition to not complying with multiple court orders setting deadlines for discovery responses, defendants failed to appear at the last pretrial conference, despite ample advance notice of the conference date and the requirement for in-person appearances. Instead, defense counsel called Judge Allen's chambers that day and advised that he was vacationing on a cruise ship and unable to participate in the conference. (D.E. 28, at 2.)

Defendants also failed to file any response to Judge Allen's order to show cause why their answer should not be stricken, and since the entry of the report and recommendation, defendants have not surfaced – not to object to the proposed striking of their answer; not to seek to defend this case; and, according to plaintiff's most recent letter, filed November 20, 2023 (D.E. 34), not to communicate with opposing counsel.  In effect, defendants have abandoned any defense to the claims asserted in this action, and without clearing the way for Young to pursue default and default judgment, there is no path for him to seek or achieve relief on the claims he has asserted.

Judge Allen also properly recognized that under the circumstances the *Poulis* factors must be considered in assessing whether striking the answer would be a proper sanction.  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409-10 (3d Cir. 2013); *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986); *accord United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021) (Third Circuit "typically require[s] district courts to analyze the *Poulis* factors before imposing sanctions of dismissal or default judgment or their functional equivalent").  Those factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868.  All six factors should be considered, though the Court "need not find all six to award sanctions." *Brace*, 1 F.4th at 143.

Here, Judge Allen considered each factor and concluded that five of the six favored the sanction of striking defendants' answer and the sixth, assessing the meritorious of the claims or

defenses, was neutral. The record supports these conclusions. As noted in the report and recommendation, defendants' failure to provide discovery began before and continued after their decision to change counsel, indicating that defendants themselves—and not only their attorneys—are responsible to some degree for that noncooperation. With respect to the second factor, there is no way for Young to pursue any kind of trial strategy, much less a "full and complete" one, when defendants have provided no discovery and have ceased any communication with Young's counsel or the Court. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 134 (3d Cir. 2019) (second factor examines, among other considerations, whether the adversary has been hampered in preparing "'a full and complete trial strategy'" (citation omitted)); *Adams v. Tr'ees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (prejudice includes deprivation resulting from noncooperation with discovery).

Repeatedly delaying the case as defendants have done here—in particular, multiple ignored extensions of deadlines and no compliance to date— suffices for the third factor, *see Hildebrand*, 923 F.3d at 135, and while no bad faith is apparent, willfulness is evident, which supports the conclusion that the fourth factor favors the recommended sanction. Judge Allen's August 2, 2023 order (D.E. 25), for example, expressly required compliance with the outstanding discovery by a date certain, barring which "the Court [would] conduct an IN PERSON Conference" on August 15, 2023. She re-affirmed that requirement in her August 14, 2023 order. (D.E. 27.) Defense counsel chose instead to call into the August 15 conference, professing an inability to participate because he was on vacation. (*See* D.E. 28, at 2.) No further explanation followed in response to the resulting order to show cause, or thereafter.

Judge Allen also properly recognized that while striking a pleading is a "last resort" sanction, it is an appropriate one here because there is no other way to allow Young to pursue his claims in the face of defendants' decision to stop complying with Court orders and stop communicating altogether.  Indeed, the prior orders giving defendants more time and warning that sanctions would be forthcoming absent compliance had no effect.  There is no indication that offering more opportunities to comply would prompt a different result.  To the extent the final factor—meritoriousness of the claims or defenses—was neutral, "not all the *Poulis* factors need be satisfied," *Brace*, 1 F.4th at 143, and in any event that analysis overlaps with what must be considered in the context of Young's anticipated default judgment motion.  *See Emerson Radio Corp. v. Emerson Quiet Kool Co.*, No. 22-1809, 2023 WL 4453604, at *3-4 & n.9 (3d Cir. July 11, 2023) (discussing requirements for entering default judgment and noting that several *Poulis* factors "mirror the factors considered for entry of default judgment").

Accordingly, the report and recommendation will be adopted, and defendants' answer will be stricken.  Young may seek entry of default against defendants no later than December 7, 2023, and, if granted, may file his motion for default judgment within 7 days thereafter. Given the nature of the sanction being imposed, the Court will direct that the Clerk of the Court send a copy of this opinion, the accompanying order, and the report and recommendation (D.E. 33), directly to defendants at the address that appears in the record, as well as to defendants' current counsel.  *See Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 129 (3d Cir. 1987).

An appropriate order will issue.

Date: November 30, 2023

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.